Electronically Filed - St Louis County - October 06, 2020 - 05:19 PM

# EXHIBIT 7



Electronically Filed - St Louis County - October 06, 2020 - 05:19 PM

150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 • (312) 819-1900

September 29, 2020

Jerry L. Switzer Jr.
(312) 873-3626
(312) 893-2005 Direct Fax
jswitzer@polsinelli.com

**Via Certified Mail/Return Receipt Requested**

Benja Incorporated
845 Market Street, 450A
San Francisco, CA 94103
Attn: Joe Alouf

Andrew J. Chapin, Jr.
26 Cragmont Avenue
San Francisco, CA 94116

Thomas L. Goode, III
2901 Barton Skyway, #3002
Austin, TX 78746

**Re: Outstanding Loan Owed to Busey Bank**
**Borrower: Benja Incorporated**
**Guarantors: Andrew J. Chapin, Jr., and Thomas L. Goode, III**

Gentlemen:

We represent Busey Bank ("Lender") in connection with the revolving loan referenced below (the "Loan") made by Lender to Benja Incorporated ("Borrower") and guaranteed by Andrew J. Chapin, Jr. ("Chapin") and Thomas L. Goode, III ("Goode" and, together with Chapin, "Guarantors") (Borrower and Guarantors shall be collectively referred to herein as "Borrower Parties").

Reference is made to the following notes, loan agreements, guarantees, security agreements, pledge agreements, mortgages, assignments of rents, and other agreements, instruments and documents by and between Lender and Borrower Parties, among others, evidencing, securing or otherwise relating to the Loan (collectively, the "Loan Documents"):

- a Business Loan Agreement (Asset Based) dated as of July 16, 2019, executed by Borrower in favor of Lender in the original principal amount of $1,000,000.00, as amended by a Modification to Business Loan Agreement (Asset Based) dated as of February 28, 2020, executed by Borrower in favor of Lender in the original principal amount of $3,000,000.00, as

polsinelli.com

Atlanta Boston Chicago Dallas Denver Houston Kansas City Los Angeles Miami Nashville New York
Phoenix St. Louis San Francisco Seattle Silicon Valley Washington, D.C. Wilmington

Polsinelli PC, Polsinelli LLP in California
74927984.1



Electronically Filed - St Louis County - October 06, 2020 - 05:19 PM

replaced and superseded by a Business Loan Agreement (Asset Based) dated as of August 20, 2020, executed by Borrower in favor of Lender in the original principal amount of $5,000,000.00 (collectively, the "BLA");

- a Promissory Note dated as of July 16, 2019, executed by Borrower in favor of Lender in the original principal amount of $1,000,000.00, as replaced and superseded by a Promissory Note dated as of February 28, 2020, executed by Borrower in favor of Lender in the original principal amount of $3,000,000.00, as replaced and superseded by a Promissory Note dated as of August 20, 2020, executed by Borrower in favor of Lender in the original principal amount of $5,000,000.00 (collectively, the "Note");

- a Commercial Security Agreement dated as of July 16, 2019, executed by Borrower in favor of Lender (the "Security Agreement"), pursuant to which Borrower granted a first lien and security interest in favor of Lender against all of Borrower's assets and property to secure the Loan;

- a Commercial Guaranty dated July 16, 2019, executed by Chapin in favor of Lender which secures the Loan; and

- a Commercial Guaranty dated July 16, 2019, executed by Goode in favor of Lender which secures the Loan.

The BLA provides in relevant part that:

> **NEGATIVE COVENANTS.** Borrower covenants and agrees with Lender that while this Agreement is in effect, Borrower shall not, without the prior written consent of Lender:
>
> > **Indebtedness and Liens.** (1) Except for trade debt incurred in the normal course of business and indebtedness to Lender contemplated by this Agreement, create, incur or assume indebtedness for borrowed money, including capital leases, (2) sell, transfer, mortgage, assign, pledge, lease, grant a security interest in, or encumber any of Borrower's assets (except as allowed as Permitted Liens), or (3) sell with recourse any of Borrower's accounts, except to Lender.

(*See* BLA, at p. 5.) The Security Agreement includes similar provisions in the "Grantor's Representations and Warranties With Respect to the Collateral" section under the headings "Transactions Involving Collateral" and "Title". (*See* Security Agreement, at pp. 1-2.) Please be advised that Borrower has violated the foregoing provisions of the BLA and Security Agreement. In particular, Borrower has incurred borrowed money debt from First Corporate Solutions and E-Revshare Core, LLC, and in connection therewith granted security interests in favor of these lenders in assets of Borrower. Lender understands that these unauthorized secured loans remain outstanding. Additionally, Borrower obtained other unauthorized secured loans from C&S Associates, Inc., Gibraltar Business Capital, LLC, and UMB Bank, N.A., which

Electronically Filed - St Louis County - October 06, 2020 - 05:19 PM





Lender understands have since been repaid and the related UCC financing statements terminated. Finally, the U.S. Small Business Administration filed a financing statement against Borrower on or about May 29, 2020, which remains pending.

Additionally, the BLA provides in relevant part that:

> **Taxes, Charges and Liens.** [Borrower shall] pay and discharge when due all of its indebtedness and obligations, including without limitation all assessments, taxes, governmental charges, levies and liens, of every kind and nature, imposed upon Borrower or it properties, income, or profits, prior to the date on which penalties would attach…

(*See* BLA, at p. 4.) The Security Agreement includes a similar provision in the "Grantor's Representations and Warranties With Respect to the Collateral" section under the heading "Taxes, Assessments and Liens". (*See* Security Agreement, at p. 2.) Please be advised that Borrower has violated the foregoing provisions of the BLA and Security Agreement. In particular, Borrower has allowed certain state tax liens in favor of the California Employment Development Department to be recorded against Borrower and its assets on or about January 14, 2020, and March 9, 2020, and a judgment in favor of a Peter A. Manderino to be recorded against Borrower and its assets on or about October 30, 2018, which remain outstanding.

Further, the BLA provides in relevant part that:

> **Guaranties.** Prior to disbursement of any Loan proceeds, [Borrower shall] furnish executed guaranties of the Loans in favor of Lender, executed by the guarantors named below, on Lender's forms, and in the amounts and under the conditions set forth in those guaranties.

| **Names of Guarantors** | **Amounts** |
|---|---|
| **Andrew J. Chapin** | **Unlimited** |
| **Thomas L. Goode III** | **Unlimited** |

(*See* BLA, at p. 4.) Please be advised that Goode contends that he did not execute and/or is not bound by his Commercial Guaranty referenced above. Although Lender disputes Goode's contention, if it is ultimately determined that Goode did not execute and/or is not bound by his Commercial Guaranty, Borrower has violated the aforementioned provision of the BLA.

Finally, the BLA further provides in relevant part that:

> **Primary Depository.** [Borrower shall] [m]aintain Lender as its primary depository and cash management services institution for Borrower.



Electronically Filed - St Louis County - October 06, 2020 - 05:19 PM

(*See* BLA, at p. 5.) Please be advised that Borrower has violated the foregoing provision of the BLA because it is currently maintaining its operating and other accounts at JPMorgan Chase Bank, not with Lender.

Please be advised that Borrower's violations of the aforementioned provisions of the BLA, Security Agreement and other Loan Documents constitute Events of Default under the BLA, Security Agreement, Note and other Loan Documents. Lender reserves the right to exercise any and all rights and remedies available to it under the BLA, Security Agreement, Note and other Loan Documents or at law or in equity, without further notice or demand. Nothing herein shall constitute a waiver or a commitment to waive by Lender of its rights and remedies due to such Events of Default or any other existing or future Defaults or Events of Default or an agreement by Lender to forbear from exercising any of its rights or remedies arising out of the Events of Default or any other existing or future Defaults or Events of Default.

Any past or future negotiations between Borrower Parties or their representatives or agents on the one hand, and Lender and its representatives or agents on the other, do not and shall not constitute a waiver of Lender's right to exercise its rights and remedies under the Loan Documents or at law or in equity. Any alleged waiver of any of Lender's rights shall not be effective unless in writing duly executed by an authorized representative of Lender. Borrower Parties and any other obligor for the indebtedness owed under the Loan Documents are not entitled to rely upon any oral statements made or purported to be made by or on behalf of Lender or its agents in connection with any alleged agreement by or on behalf of Lender to refrain from exercising any of Lender's rights under the Loan Documents or otherwise at law or in equity.

Nothing set forth in this letter, no delay on the part of Lender in enforcing its rights with respect to any default, and no discussions between Lender and Borrower Parties regarding the matters addressed in this letter, the Loan Documents, or any other subject matter, are intended (and none shall be deemed) to modify, limit, release, reduce, or waive any of Lender's rights, remedies, or privileges under the Loan Documents, or at law or in equity, all of which are hereby specifically reserved. Furthermore, the enumeration of any specific default herein is not intended and shall not be deemed to waive other defaults that may currently exist under the Loan Documents.

Sincerely,

/s/ Jerry L. Switzer, Jr.
Jerry L. Switzer Jr.

cc: Steve Henderson (via email)
Larry Johnson (via email)
Michael McElhone (via email)
Mike Peluso (via email)



Electronically Filed - St Louis County - October 06, 2020 - 05:19 PM

POLSINELLI

Benja Incorporated
September 29, 2020
Page 5

John Powers (via email)
Scott H. Olson, Esq. (via email)
Johnny K. Merritt, Esq. (via email)

74927984.1