# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **BUSEY BANK,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-cv-01473-HEA |
| **BENJA INCORPORATED, et al.,** | ) |
| Defendants. | ) |

## DEFENDANT ANDREW J. CHAPIN'S
## MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME

COMES NOW Defendant Andrew J. Chapin ("**Chapin**"), by and through undersigned counsel, and for his Motion for Leave to File Answer Out of Time, herewith states as follows:

1. Chapin respectfully requests an extension of his answer deadline to November 24, 2020.

2. When contacted by undersigned counsel this week, counsel for Plaintiff Busey Bank ("**Plaintiff**") indicated that there would be no objection to a request for an extension of Chapin's answer deadline to November 24, 2020.

### Background

3. On October 9, 2020, Plaintiff had Chapin served with the Summons and Petition in this case both in his individual capacity and as an officer of co-defendant Benja Incorporated ("**Benja**").

4. On October 13, 2020, this case was removed from the Circuit Court of St. Louis County to the United States District Court for the Eastern District of Missouri.

5. On October 15, 2020, Benja filed a Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of California.

6.	On October 30, 2020, Chapin's "answer or…other defenses or objections" were due under Federal Rule of Civil Procedure 81(c)(2).

### Request for Extension

7.	Federal Rule of Civil Procedure 6(b)(1)(B) provides that "When an act may or must be done within a specified time, the Court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect."

8.	The Eighth Circuit has explained that "[e]xcusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate…late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices,* 600 F.3.d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 392 (1993)).

9.	"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Serv's. Co.,* 507 U.S. at 395).

10.	Several factors are relevant and should be considered: (1) the possibility of prejudice to the non-moving party; (2) the length of delay and the possible impact of that delay on judicial proceedings; (3) the reasons for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Id.*

11.	**There is no possibility of prejudice to the non-moving party.** Plaintiff does not object to Chapin's request, which it certainly would if there was a possibility of prejudice. Plus, nothing of substance has happened in this case since the day of Benja's Chapter 11 filing. And as a practical matter, the Chapter 11 plays a central role in how the issues among these parties will ultimately be resolved.

12. **The length of delay is short and the possible impact of that delay on judicial proceedings is non-existent.** Again, the proceedings in the instance case will not be impacted at all because nothing of substance has happened yet, largely because of the Chapter 11 filing.

13. **The reasons for the delay are reasonable.** Chapin has spent the last five weeks consumed by work in connection with the Chapter 11, its appointed Trustee, and vetting new lenders to resolve—among other things—any obligations to Plaintiff. This has been time well spent that will hopefully bear fruit for all the parties to the instance case.

14. **This motion is filed in good faith.**

WHEREFORE, Defendant Andrew J. Chapin respectfully requests this Court's orders that his answer deadline be extended to November 24, 2020, and for such other and further relief as is just and proper.

Respectfully submitted,

Dated: November 20, 2020

MASON LAW FIRM LLC

By: */s/ Ryan J. Mason*
Ryan J. Mason (#MO56167)
13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 686-4044
rmason@masonlawstl.com

SLATER LAW GROUP, APC

Mark K. Slater
(*admitted pro hac vice*)
33 New Montgomery St., Suite 1210
San Francisco, California 94105
(415) 294-7700
mslater@slaterlawgrp.com

ATTORNEYS FOR DEFENDANT
ANDEW J. CHAPIN

3

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was electronically filed using the CM/CEF system on November 20, 2020, and service shall be made by the CM/ECF system on counsel of record, including the following:

| | |
|---|---|
| Michael A. Campbell<br>Nicholas A. Griebel<br>POLSINELLI PC<br>100 South Fourth Street, Suite 1000<br>St. Louis, Missouri 63102<br>*mcampbell@polsinelli.com*<br>*ngriebel@polsinelli.com*<br>ATTORNEYS FOR PLAINTIFF<br>BUSEY BANK | Jerry L. Switzer, Jr.<br>POLSINELLI PC<br>150 North Riverside Plaza, Suite 3000<br>Chicago, Illinois 60606<br>*jswitzer@polsinelli.com*<br>ATTORNEYS FOR PLAINTIFF BUSEY BANK |

                                                */s/ Ryan J. Mason*