**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **BUSEY BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 4:20-cv-01473-HEA** |
| **v.** | ) |
| | ) |
| **BENJA INCORPORATED, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT ANDREW J. CHAPIN'S**
**SECOND MOTION FOR EXTENSION OF TIME TO FILE ANSWER**

COMES NOW Defendant Andrew J. Chapin ("**Chapin**"), by and through undersigned counsel, and for his Second Motion for Extension of Time to File Answer, herewith states as follows:

1.     Chapin respectfully requests an extension of his answer deadline to December 8, 2020.

2.     When contacted by undersigned counsel today, counsel for Plaintiff Busey Bank ("**Plaintiff**") indicated that they take no position on a request for an extension of Chapin's answer deadline.

**Background**

3.     On October 9, 2020, Plaintiff had Chapin served with the Summons and Petition in this case both in his individual capacity and as an officer of co-defendant Benja Incorporated ("**Benja**").

4.     On October 13, 2020, this case was removed from the Circuit Court of St. Louis County to the United States District Court for the Eastern District of Missouri.

5.      On October 15, 2020, Benja filed a Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of California.

6.      On October 30, 2020, Chapin's "answer or…other defenses or objections" were originally due under Federal Rule of Civil Procedure 81(c)(2).

7.      On November 20, 2020, Chapin's Motion for Leave to File Answer Out of Time [Doc. 15] was filed.

8.      On November 23, 2020, Chapin's Motion for Leave to File Answer Out of Time was granted [Doc. 16], which extended the answer deadline to November 24, 2020.

9.      Also on November 23, 2020, Chapin was, upon information and belief, arrested by the FBI.[1]

### **Request for Extension**

10.      Federal Rule of Civil Procedure 6(b)(1)(B) provides that "When an act may or must be done within a specified time, the Court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect."

11.      The Eighth Circuit has explained that "[e]xcusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate…late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices,* 600 F.3.d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 392 (1993)).

---

[1] *See* https://www.justice.gov/usao-ndca/pr/ceo-charged-securities-and-bank-fraud-alleged-scheme-raise-funds-digital-advertising

12.     "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Serv's. Co.,* 507 U.S. at 395).

13.     Several factors are relevant and should be considered: (1) the possibility of prejudice to the non-moving party; (2) the length of delay and the possible impact of that delay on judicial proceedings; (3) the reasons for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Id.*

14.     **There is no possibility of prejudice to the non-moving party.** Plaintiff took no position on Chapin's request for extension, which presumably it would have if there was a possibility of prejudice.

15.     **The length of delay is short and the possible impact of that delay on judicial proceedings is non-existent.** Chapin seeks a two-week extension, and as a practical matter nothing at all is likely to happen in this case in the meantime, especially against the backdrop of the pending criminal matter and Chapter 11.

16.     **The reasons for the delay are reasonable.** A draft of the Answer has been ready for some time, but Chapin has been out of contact and unreachable by undersigned counsel the last two days—presumably because of his arrest and detention—and consequently Chapin has been unable to participate in his own defense in the instant case.

In addition, a federal district court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 759 (D. Minn. 2018) (quoting *Armstrong v. Mille Lacs Cty. Sheriffs Dept.*, 112 F.Supp.2d

840, 843 (D. Minn. 2000), citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254-55, (1936)).

While Chapin is not by this motion asking for a full-blown stay of the proceedings in the instant case, "[a] stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." *Ruszczyk* at 759 (D. Minn. 2018) (quoting *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993); *see United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

Upon information and belief, the criminal proceedings have some factual relation to this civil case. And if a full-blown stay of a civil case is sometimes warranted when there is a factually related criminal proceeding, a mere two-week extension of the answer deadline is surely reasonable.

17.     **This motion is filed in good faith.**

WHEREFORE, Defendant Andrew J. Chapin respectfully requests this Court's orders that his answer deadline be extended to December 8, 2020, and for such other and further relief as is just and proper.

Respectfully submitted,

Dated: November 24, 2020                        MASON LAW FIRM LLC

By:   */s/ Ryan J. Mason*
      Ryan J. Mason #56167(MO)
      13421 Manchester Road, Suite 105
      St. Louis, Missouri 63131
      (314) 686-4044
      *rmason@masonlawstl.com*

      SLATER LAW GROUP, APC

      Mark K. Slater
      (*admitted pro hac vice*)
      33 New Montgomery St., Suite 1210
      San Francisco, California 94105
      (415) 294-7700
      *mslater@slaterlawgrp.com*

      ATTORNEYS FOR DEFENDANT
      ANDEW J. CHAPIN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was electronically filed using the CM/CEF system on November 24, 2020, and service shall be made by the CM/ECF system on counsel of record, including the following:

Michael A. Campbell                    Jerry L. Switzer, Jr.
Nicholas A. Griebel                    POLSINELLI PC
POLSINELLI PC                          150 North Riverside Plaza, Suite 3000
100 South Fourth Street, Suite 1000    Chicago, Illinois 60606
St. Louis, Missouri 63102              *jswitzer@polsinelli.com*
*mcampbell@polsinelli.com*             ATTORNEYS FOR PLAINTIFF BUSEY
*ngriebel@polsinelli.com*              BANK
ATTORNEYS FOR PLAINTIFF
BUSEY BANK

                                       */s/ Ryan J. Mason*

5