IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BUSEY BANK,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-01473-HEA ) |
| **BENJA INCORPORATED, et al.,** | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT ANDREW J. CHAPIN'S**
**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

COMES NOW Defendant Andrew J. Chapin ("**Chapin**"), by and through undersigned counsel, and submits this memorandum in support of his Motion to Stay Proceedings.

**Procedural Background**

On October 9, 2020, Plaintiff Busey Bank ("**Plaintiff**") had Chapin served with the Summons and Petition, both in his individual capacity and in his capacity as an officer of co-defendant Benja Incorporated ("**Benja**").

On October 13, 2020, this case was removed from state court to this Court.

On October 15, 2020, Benja filed a Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of California,[1] so the instant case is already stayed as to Benja as a result of the bankruptcy-imposed automatic stay.

On or about November 23, 2020, the United States of America filed a Criminal Complaint against Chapin in the United States District Court for the Northern District of California.[2]

---

[1] The Hon. Dennis Montali is presiding over *In re: Benja Incorporated*, Case No. 20-30819.
[2] *See* the Criminal Complaint filed in *U.S. v. Chapin*, Case No. 3:20-mj-71712, attached hereto as **Exhibit A**.

On November 23, 2020, the Securities and Exchange Commission filed a Complaint against Chapin and Benja in the United States District Court for the Northern District of California.[3]

On December 8, 2020, Chapin's answer is due in the instant case.

### Argument in Support of Staying This Case

Chapin requests a stay of this case pending final resolution of the criminal proceedings because his criminal case and the instant case are so interrelated that he cannot protect himself in this civil case by selectively invoking his Fifth Amendment privilege, and the allegations in the two cases overlap so much that effective defense of both is impossible.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Id.* at 254-55.

Justice must be done in both criminal and civil litigation. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973). The rights of a defendant in a criminal case must, of course, be protected, but this does not mandate a complete disregard for the rights of civil litigants. *Id.*

### I.   The similarities between the cases and the allegations compel staying this case.

A stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted. *Koester v. Am. Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993)

---

[3] *See* the Complaint filed in *SEC v. Benja Inc., et al.*, Case No. 3:20-cv-08238, attached hereto as **Exhibit B**.

(citing *Wehling v. Columbia Broadcasting Sys.,* 608 F.2d 1084 (5th Cir. 1979)). To warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible. *Id*. (citing *Anglada v. Sprague,* 822 F.2d 1035, 1036-37 (11th Cir. 1987)).

Plaintiff filed the instant case primarily to recover on Benja's promissory note and Chapin's guaranty. *See* Verified Petition [Doc. 5] at pp. 1-10. The government filed the criminal case alleging, among other things, that Chapin committed bank fraud from the time of Benja's original loan application and continuing throughout Chapin and Benja's relationship with Plaintiff. *See* Criminal Complaint, Exhibit A, at pp. 1-11. Chapin cannot file an answer admitting or denying any allegations in the instant case without impacting the allegations in the criminal case. *See* Affidavit of Randy Sue Pollock attached hereto as **Exhibit C**, ¶ 6. As a result, on the advice of his criminal counsel, Chapin is unable to answer or participate in any way in the instant case—he cannot selectively invoke his Fifth Amendment privilege because the criminal case overlaps the civil case completely, rendering the effective defense of both is impossible. *See* Randy Sue Pollock Affidavit, Exhibit C, ¶ 7.

## II.    A balancing of the interests strongly suggests staying this case.

The decision whether or not to stay civil litigation in deference to a parallel criminal proceeding is discretionary, requiring the Court to balance the nature and substantiality of the injustices claimed on either side. *Gen. Dynamics* at 1214-15. While the Eighth Circuit has not specified a set of factors to analyze to determine whether a stay is necessary in light of parallel criminal proceedings, district courts have generally considered the factors adopted by the Ninth Circuit. *See, e.g., White v. Feaman*, No. 4:18-CV-00518-NCC, 2018 WL 5831261, at *2 (E.D.

3

Mo. Nov. 7, 2018); *Aviva Life & Annuity Co. v. Davis*, No. 4:12-CV-00603-JEG, 2014 WL 12366406, at *4 (S.D. Iowa July 29, 2014).

The Ninth Circuit outlines the applicable factors for weighing in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995):

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay;
> (2) the burden which any particular aspect of the proceedings may impose on defendants;
> (3) the convenience of the court in the management of its cases and the efficient use of judicial resources;
> (4) the interests of persons not parties to the civil litigation; and,
> (5) the interest of the public in the pending civil and criminal litigation.

Upon careful consideration of the factors, a stay of this civil action is warranted, as a majority of the factors weigh heavily in favor of granting a stay.

### A. Plaintiff's interests are limited and the potential prejudice of delay is low.

Plaintiff has indicated that it will oppose this request for a stay. But Plaintiff's interest in proceeding against Chapin, while the other co-defendant Benja is already the beneficiary of its own stay by way of the bankruptcy, is dubious. Not only does the instant case overlap with the criminal case, but it also overlaps considerably with the Chapter 11—until that bankruptcy is concluded, there will be no final resolution of Plaintiff's claims. A trial date has not been set in this case, and the speedy-trial rights apply to the criminal proceedings, so there is a possibility not only that Chapin will be ready to proceed before Benja, but also perhaps without any material delay from the normal timetable for any regular civil case. This factor is, at worst, neutral with respect to the stay.

### B. The burden on Chapin without a stay would be substantial.

The substantial burden on Chapin weighs strongly in favor of a stay. Importantly, Chapin has been indicted, and "[a] stay of a civil case is most appropriate where a party to the civil case

4

has already been indicted for the same conduct." *S.E.C. v. Gerhardt*, No. 4:07-CV-00270 JCH, 2007 WL 1452236, at *2 (E.D. Mo. May 15, 2007) (internal quotations and citations omitted) (granting stay pending conclusion of trial in criminal case).

In this case, Chapin seeks to protect against information being gained in the civil case from disclosure to protect his Fifth Amendment rights against self-incrimination in his pending criminal case. Chapin's able and experienced counsel in the criminal case has reviewed the instant civil action—there can be no disputing the contention that the criminal prosecution and civil claims arise out of the same facts, and while not exactly mirror causes of action, certainly involve nearly identical issues and witnesses. *See* Randy Sue Pollock Affidavit, Exhibit C, ¶ 2-5; *see, e.g.*, *Stroud v. St. Louis City Police Dep't*, No. 4:07-CV-359-SNLJ, 2009 WL 3617457, at *1 (E.D. Mo. Oct. 28, 2009) (granting stay pending final resolution of criminal case where pending criminal case arose from the same incident at issue in the civil section 1983 case based on excessive force and cases involved same issues and potential witnesses). Under the *Koester* analysis, Chapin has made a "strong showing" that the actions are "so interrelated" that a stay in this case is warranted. *See Koester* at 823.

**C.  The Court's interests must weigh in favor of deciding a case on the merits.**

The judicial preference for adjudication on the merits goes to the fundamental fairness of the adjudicatory process. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). As a practical matter, if a stay is not granted, there will be no answer filed, and Plaintiff will end up taking a judgment against Chapin unopposed, without there ever being a full and fair adjudication on the merits. And if that were to happen to Chapin, quite perversely the case would still linger on the Court's docket as to Benja until the Chapter 11 runs its course.

5

As a result, granting a stay would likely help with the management of its docket. Moreover, the discovery obtained in the criminal proceeding and the Chapter 11 may ultimately help streamline this civil proceeding. *See, e.g.*, *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 761 (D. Minn. 2018) (finding stay in case where there was substantial overlap between criminal proceedings and section 1983 civil claims against same defendant would conserve judicial resources, would likely lead to relevant discovery for the civil proceeding, and could possibly simplify the issues or resolve liability questions in the civil proceedings.) This factor, therefore, weighs in favor of a stay.

### D. Non-party and public interests favor deference to the criminal case.

There are no non-parties that have any legitimate, particularized interest in the outcome of this litigation. So all non-parties are similarly situated with the public, and courts have recognized that the public has an interest in ensuring the criminal process is not subverted, even recognizing that the public's interest in the integrity of a criminal case may be entitled to precedence over the civil litigant. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc.*, No. 15-CV-2527 (SRN/HB), 2016 WL 9307608, at *6 (D. Minn. Apr. 26, 2016) (ordering stay of depositions for limited time period based on overlap between civil and criminal proceedings); *Gerhardt* at *2. This factor, therefore, weighs in favor of a stay.

Balancing the nature and substantiality of the various rights and the opportunities for injustices, a stay of this case until disposition of the criminal case is warranted.

### III.     Chapin requests an answer-deadline extension while this motion is pending.

Chapin's current answer deadline is December 8, 2020. If this motion is not ruled on before December 8th, Chapin requests that the answer deadline be extended until such time as this Court enters its orders on this motion.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "When an act may or must be done within a specified time, the Court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect."

The Eighth Circuit has explained that "[e]xcusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate…late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices,* 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 392 (1993)).

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Serv's. Co.,* 507 U.S. at 395).

Several factors are relevant and should be considered: (1) the possibility of prejudice to the non-moving party; (2) the length of delay and the possible impact of that delay on judicial proceedings; (3) the reasons for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Id*.

There is no possibility of prejudice to the non-moving party. Nothing of substance has occurred in this case since Benja's October bankruptcy filing, so extending the answer deadline a few more days, if necessary, will not affect Plaintiff.

The length of delay is short and the possible impact of that delay on judicial proceedings is non-existent. Chapin seeks a brief extension tracking the timeline of this motion, and—again—nothing is likely to happen in this case in the meantime anyway.

The reasons for the delay are reasonable. While the larger issue presented in this motion—to stay the proceeding—is pending before the Court, the smaller issue of the answer deadline should not be a lingering factor for the parties or the Court to be concerned about.

This request to extend the current answer deadline is filed in good faith.

WHEREFORE, Defendant Andrew J. Chapin respectfully requests this Court's orders (1) staying this case until final disposition of the criminal case, (2) continuing the December 8th answer deadline until after this motion is ruled on, and (3) for such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

Dated: December 3, 2020                  MASON LAW FIRM LLC

By: */s/ Ryan J. Mason*
Ryan J. Mason #56167(MO)
13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 686-4044
rmason@masonlawstl.com

SLATER LAW GROUP, APC
Mark K. Slater
(*admitted pro hac vice*)
33 New Montgomery St., Suite 1210
San Francisco, California 94105
(415) 294-7700
mslater@slaterlawgrp.com

ATTORNEYS FOR DEFENDANT
ANDREW J. CHAPIN

8

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was electronically filed using the CM/CEF system on December 3, 2020, and service shall be made by the CM/ECF system on counsel of record, including the following:

| | |
|---|---|
| Michael A. Campbell<br>Nicholas A. Griebel<br>POLSINELLI PC<br>100 South Fourth Street, Suite 1000<br>St. Louis, Missouri 63102<br>*mcampbell@polsinelli.com*<br>*ngriebel@polsinelli.com*<br>ATTORNEYS FOR PLAINTIFF<br>BUSEY BANK | Jerry L. Switzer, Jr.<br>POLSINELLI PC<br>150 North Riverside Plaza, Suite 3000<br>Chicago, Illinois 60606<br>*jswitzer@polsinelli.com*<br>ATTORNEYS FOR PLAINTIFF<br>BUSEY BANK |

                                               */s/ Ryan J. Mason*