**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| BUSEY BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 4:20-cv-01473-HEA |
| BENJA INCORPORATED, | ) |
| | ) |
| and | ) |
| | ) |
| ANDREW J. CHAPIN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF BUSEY BANK'S
OPPOSITION TO DEFENDANT ANDREW J.
CHAPIN'S MOTION TO STAY PROCEEDINGS
AND MEMORANDUM IN OPPOSITION TO MOTION**

COMES NOW Plaintiff Busey Bank ("**Plaintiff**" or the "**Bank**"), by and through its undersigned counsel, and for its opposition (this "**Opposition**") to Defendant Andrew J. Chapin's Motion to Stay Proceedings [Dkt. No. 19; Filed: 12/3/20] (the "**Motion**") and the accompanying Memorandum in Support [Dkt. No. 20; Filed: 12/3/20] (the "**Memorandum**"), respectfully states as follows:

**OPPOSITION TO MOTION TO STAY**

Plaintiff opposes the Motion filed by Andrew J. Chapin ("**Chapin**") for at least two reasons:

1. A blanket invocation of the Fifth Amendment to stay these proceedings in their entirety is inappropriate and unsupported by applicable law; and

2. The relevant factors do not weigh in favor of staying these proceedings.

The following is a discussion of each.

75727496.3

## PROCEDURAL HISTORY

1. On October 9, 2020, the Bank filed a Verified Petition (the "**Petition**") against Defendants Benja Incorporated ("**Benja**") and Chapin in the Circuit Court of St. Louis County, Missouri (the "**State Court**"), Case No. 20SL-CC05024, seeking, among other things, the appointment of a general receiver for Benja and the Collateral[1] identified in the Petition.

2. Along with the Petition, the Bank filed a Verified Expedited Motion for Appointment of General Receiver with respect to Benja (the "**Motion for Receiver**"), along with supporting affidavits, including the Affidavit of Joe Alouf (the "**Alouf Affidavit**").

3. As set forth in the Alouf Affidavit, Chapin, both individually and on behalf of Benja, committed substantial fraud against the Bank, other lenders, and investors.

4. On October 13, 2020, Defendants filed their Notice of Removal, removing this case from the State Court to this Court [Dkt. No. 1; Filed 10/13/2020] (the "**Removal**").

5. On October 15, 2020, Benja filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California, as Case No. 20-30819 (the "**Bankruptcy Case**"). That same day, Benja filed its Suggestions of Bankruptcy and Notice of Automatic Stay in this Court. [Dkt. No. 11; Filed: 10/15/20.]

6. The filing of the Bankruptcy Case stayed Plaintiff's Motion for Receiver as to Benja. However, Defendant Chapin is not a debtor in the Bankruptcy Case, and the automatic stay does not apply to him.

7. On November 23, 2020, the United States of America filed a Criminal Complaint

---

[1] Capitalized terms herein shall have the same meaning as ascribed to them in Plaintiff's Petition.

2

75727496.3

against Chapin in the United States District Court for the Northern District of California. [*See* Motion, ¶ 3.]

8. Additionally, on November 23, 2020, the Securities and Exchange Commission filed a Complaint against Defendants Chapin and Benja in the United States District Court for the Northern District of California.

9. On December 3, 2020, Defendant Chapin filed the Motion and Memorandum, seeking to stay this case in its entirety pending final resolution of the aforementioned criminal proceedings, arguing that the instant case is so interrelated with the criminal case that he cannot adequately protect himself in this civil case by selectively invoking his privilege against self-incrimination afforded by the Fifth Amendment to the United States Constitution (the "**Fifth Amendment**"), and that this civil case and the criminal case overlap so much that the effective defense of both is impossible.

## DISCUSSION

For the following reasons, the Motion should now be denied.

**A.    A Blanket Invocation of the Fifth Amendment to Stay these Proceedings In Their Entirety is Inappropriate**

In the seminal case of *Anglada v. Sprague*, 822 F.2d 1035 (11th Cir. 1987), the court held that guarantors of a note, who faced criminal charges of mortgage fraud and grand theft, could not simply assert a blanket refusal to answer all questions in a pending civil action in order to protect the privilege against self-incrimination under the Fifth Amendment of the United States Constitution, but rather, were required to claim that privilege with specificity with respect to particular questions. The court explained that, "[a] defendant's 'blanket' refusal to answer all questions is unacceptable since it forces the reviewing court to speculate as to which questions would tend to incriminate." *Id*. at 1037.  The court noted that in a case where the defendant is

3

wholly refusing to participate in trial while asserting a blanket Fifth Amendment privilege, as opposed to invoking the privilege only with respect to specific questions, the defendant has various other remedies, such as filing a motion for a protective order, requesting an *in camera* review and ruling on certain issues, having a closed hearing with a closed record, or presenting evidence through others than himself. *Id*.

Here, although there may be some allegations of Chapin's fraudulent conduct in the instant civil case that overlap with the relevant conduct in the pending criminal cases, those allegations only pertain to the Motion for Receiver based on the exigent circumstances of the case. Those circumstances consisted of Chapin intentionally deleting incriminating emails, altering banking and financial statements, impersonating attorneys and others with fake email addresses, and making improper distributions to fraudulent payees using the Bank's collateral. The immediate appointment of a receiver was necessary to stop Chapin's ongoing fraud on behalf of Benja to the detriment of the Bank, other lenders and investors, and to preserve the Benja emails and other documents, and otherwise, and to preserve any funds of Benja that served as the Bank's collateral. The Motion for Receiver is now stayed by the filing of the Bankruptcy Case, and is not at issue in this civil case.

However, the Bank asserted two other causes of action in its Petition against Benja and Chapin – (i) breach of a promissory note and accompanying loan documents against Benja, and (ii) breach of a commercial guaranty against Chapin.  These causes of action require that the Bank prove a set of fairly straightforward elements, none of which include fraud or any of the conduct that overlaps with the criminal case. The claim against Benja on its promissory note is stayed by the Bankruptcy Case, leaving only the claim against Chapin on his guaranty.  (If the claim against Benja were not stayed, a prima facie case would be made in Missouri when the Bank produces the

4

promissory note admittedly signed by the defendant and shows the balance due). *Commerce Bank of Joplin v. Schallenberger*, 766 S.W.2d 764, 768 (Mo. App. 1989). *See also*, RSMo. §400.3-308(b). Accordingly, to establish a prima facie case on a guaranty, a plaintiff must show that: (1) the defendant executed the guaranty; (2) the defendant unconditionally delivered the guaranty to the plaintiff; (3) the plaintiff relied on the guaranty in extension of credit; and (4) there is currently due and owing a sum of money by the defendant to the plaintiff that the guaranty purports to cover. *Pulaski Bank v. Nantucket Partners, L.C., et al.*, 428 S.W.3d 729 (Mo. Ct. App. 2014), citing, *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). All the Bank needs to show to establish its claim against Chapin is that he executed the guaranty at issue and delivered it to the Bank which relied on it in extending credit, and there is currently due and owing a sum of money that the guaranty purports to cover.

The stay of this civil case in its entirety is unwarranted and inappropriate, given that Chapin may selectively invoke his Fifth Amendment privilege while simultaneously allowing the Bank to proceed to judgment on its causes of action. See *U.S. v. White*, 589 F.2d 1283 (5th Cir. 1979) (Requiring a defendant to go to trial in a civil case while criminal charges arising out of same conduct were pending did not unconstitutionally force the defendant to choose between preserving his Fifth Amendment privilege and losing the civil suit, where there was no indication that invocation of Fifth Amendment would have necessarily resulted in an adverse civil judgment).

**B.     The Relevant Factors Do Not Weigh In Favor of Staying These Proceedings**

"The decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary, requiring the Court to balance the nature and substantiality of the injustices claimed on either side." *White v. Feaman*, 2018 WL 5831261, at *2 (E.D. Mo. 2018).

> Although the Eighth Circuit has not specified a set of factors to analyze whether a stay is necessary in light of parallel criminal proceedings, district courts have

5

75727496.3

> generally considered the following factors, adopted by the Ninth Circuit: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*.

Upon careful consideration of these factors, they weigh in favor of allowing this case to proceed and not granting a stay of these proceedings in their entirety. **First**, the Bank has a legitimate interest in the expeditious resolution of its claim against Chapin, and should not be forced to sit indefinitely idle. **Second**, the burden on Chapin if this case is not stayed is entirely absent. Chapin's default on his guaranty of the loan is completely separate from the elaborate Ponzi scheme he implemented, which precipitated the criminal cases. Proceeding with this case will not force Chapin to choose between defending himself in the criminal cases or this civil case.

**Third**, the Court has a strong interest in keeping the litigation moving toward conclusion without unnecessary delay. Despite the speedy trial rights applicable to criminal proceedings, "such proceedings are sometimes anything but." *Ruszczyk v. Noor*, Case No. 18-cv-2086 (PAM/TNL) (D. Minn. Oct. 2, 2018). Criminal proceedings often involve continuances and appeals, and could result in mistrials or hung juries. Thus, a stay in this case until the conclusion of Chapin's criminal cases would have no defined end point. Additionally, as noted by some courts, the possibilities of substantial delay "given the unpredictable nature of criminal proceedings ... could potentially result in Plaintiff's inability to discover evidence material to h[is] claims" should a stay be entered. *Doe v. St. Clair Cty.*, 2018 WL 3475459, at *2 (S.D. Ill. 2018).

**Fourth**, no interests of persons not parties to this civil litigation will be affected if this case is not stayed. Chapin fails to identify any such non-parties who will be affected if this case isn't

6

stayed, and he even admits that "(t)here are no non-parties that have any legitimate, particularized interest in the outcome of this litigation." [*See* Memorandum, p. 6.]   The entry of a judgment against Chapin on his guaranty will simply not affect third parties.  **Finally**, and similarly, the interest of the public in this civil action and the criminal cases will also not be affected if this case is not stayed.  Chapin again fails to identify any interest of the public that will be affected, and he admits that "all non-parties are similarly situated with the public." [*See* Memorandum, p. 6.]  Thus, the entry of a judgment against Chapin on his guaranty will similarly not affect the interest of the public.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order denying Chapin's Motion, allowing this case to proceed as to Chapin, and granting such other and further relief as the Court deems just and proper.

                POLSINELLI PC

                By: /s/ Michael A. Campbell
                    MICHAEL A. CAMPBELL (#35392)
                    mcampbell@polsinelli.com
                    NICHOLAS A. GRIEBEL (#69104)
                    ngriebel@polsinelli.com
                    100 South Fourth Street, Suite 1000
                    St. Louis, Missouri 63102
                    (314) 889-8000

                    JERRY L. SWITZER, JR. (*pro hac vice*)
                    jswitzer@polsinelli.com
                    150 North Riverside Plaza, Suite 3000
                    Chicago, Illinois 60606
                    (312) 873-3626

                *ATTORNEYS FOR PLAINTIFF*
                *BUSEY BANK*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States District Court for the Eastern District of Missouri this 11th day of December, 2020 to all parties requesting service.

                                                /s/ Michael A. Campbell

75727496.3