**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **BUSEY BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 4:20-cv-01473-HEA** |
| **v.** | ) |
| | ) |
| **BENJA INCORPORATED, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT ANDREW J. CHAPIN'S REPLY**
**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

COMES NOW Defendant Andrew J. Chapin ("**Chapin**"), by and through undersigned counsel, and submits this reply memorandum in support of his Motion to Stay Proceedings [Doc. 19] and in response to the Memorandum in Opposition [Doc. 21] filed by Plaintiff Busey Bank ("**Plaintiff**").

### I.     The civil case and the criminal case are closely interrelated.

Plaintiff is silent as to a central question before the Court: the degree to which this civil case is factually related to the criminal case. The Memorandum in Opposition mentions the notion of selectively invoking the Fifth Amendment (p. 5), but it fails to tie that concept to the full issue, which is whether the two proceedings are so interrelated that Chapin cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege. *See Koester v. Am. Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).

Perhaps Plaintiff's silence on the issue is a tacit admission of the close interrelatedness of the cases. Even a cursory comparison of the Verified Petition [Doc. 5] and the Criminal Complaint [Doc. 20-1] reveals how intertwined the cases and the allegations are—same bank (Plaintiff), same individual (Chapin), same loans, same allegations of fraud.

In an effort to downplay the overlap of the fraud allegations, Plaintiff asks the Court to ignore most of its 16-page Verified Petition and instead concentrate only on the "fairly straightforward" breach of commercial guaranty in Count II. Memorandum in Opposition, p. 4. What Plaintiff seems to be proposing is that Chapin assert his Fifth Amendment rights as to everything except those allegations related directly to the four elements of the breach-of-guaranty claim. *See* Memorandum in Opposition, p. 5. But Plaintiff refuses to acknowledge that the guaranty does not stand outside of consideration for Fifth Amendment protection or somehow become exempt because of how "straightforward" the prima-facie case is; instead, the guaranty is precisely within the scope of matters ripe for Fifth Amendment protection—the government is alleging bank fraud based on materially false documents and information provided by Chapin to Plaintiff, so it only stands to reason that claims involving any documents and information allegedly provided by Chapin to Plaintiff would be an appropriate place for Chapin to deploy his Fifth Amendment rights. The guaranty alleged in Count II is just such a document, and it is because of this direct overlap between the cases that Chapin (1) cannot file an answer admitting or denying allegations (even in Count II) without impacting the allegations in the criminal case, and (2) cannot selectively invoke his Fifth Amendment privilege because all of Count II is affected by the overlap. *See* Randy Sue Pollock Affidavit [Doc. 20-3], ¶¶ 6, 7.

II.      **Plaintiff cites no cases with holdings that affirm the denial of a motion to stay.**

The Memorandum in Opposition cites two cases in support of the first section of its argument: *Anglada v. Sprague,* 822 F.2d 1035 (11th Cir. 1987) and *United States v. White*, 589 F.2d 1283 (5th Cir. 1979).

*Anglada v. Sprague*

The defendants in *Anglada* decided not to appear at trial. *Anglada* at 1037. The Eleventh Circuit held that the "defendants' decision not to be present and testify…and to simply rely on a directed verdict, amounted to pure trial strategy and clearly does not warrant a new trial." *Id*.

Of course, the issues before the court in *Anglada* are vastly different from the instant case, where nothing material has happened yet and the trial date has not even been set. Chapin is not failing to appear at a trial, and he is not invoking blanket Fifth Amendment protection; he simply seeks to avail himself, within the applicable balancing-test standard set out in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), of a stay of this case while his liberty is in jeopardy.

The defendants in *Anglada* did not ask the Eleventh Circuit to opine on the propriety of a motion to stay the proceedings. And the factual recitation in the opinion does not make it clear how much overlap there was between the defendants' criminal case and the underlying *Anglada* civil case, so whether or not they should have been granted a stay cannot be judged against the instant circumstances where there is complete overlap.

More to the point, Plaintiff's use of *Anglada* for the proposition that it is inappropriate for a blanket invocation of the Fifth Amendment to stay these proceedings in their entirety is not useful because (1) Chapin is not seeking to apply a blanket invocation of the Fifth Amendment, (2) he cannot effectively use a selective invocation of the Fifth Amendment because the guaranty at issue directly overlaps the civil and criminal cases, and (3) it improperly attempts to substitute a new standard for granting a stay in place of the balancing test outlined in *Keating* that is recognized by the Eighth Circuit.

If a defendant fails to appear for trial as some sort of trial strategy, the parties are on notice that a 33-year-old Eleventh Circuit case holds that blanket invocation of the Fifth Amendment in absentia is ineffective; until that happens, *Anglada* has little application to the instant case.

### *United States v. White*

*White* is an appeal from criminal convictions of the defendants who claim to have been unaware that they were incriminating themselves during testimony in a separate civil case. This case has even less applicability to the instant case than *Anglada*. The issues before the court in *White* are vastly different from the instant *civil* case, where nothing material has happened yet and the trial date has not even been set. The defendants in *White* did not ask the Fifth Circuit to opine on the propriety of a motion to stay the proceedings. And the factual recitation in the opinion does not make it clear whether such a motion was filed or how much overlap there was between the defendants' civil case and the underlying *White* criminal case.

Unlike the *White* defendants, Chapin has unequivocally been advised of his rights, and he cannot effectively use a selective invocation of the Fifth Amendment because the guaranty at issue directly overlaps the civil and criminal cases. *See* Randy Sue Pollock Affidavit [Doc. 20-3], ¶¶ 5 - 7. He knows that if the balancing test were not to turn out in his favor, the Motion to Stay could be denied and the instant case could proceed, but the balancing test weighs heavily in his favor.

**III.    Any fair balancing of the interests strongly suggests staying this case.**

The fair and just consideration of the applicable factors of the *Keating* balancing test weighs heavily in favor of granting a stay.

**A.  Plaintiff's interests are limited and the potential prejudice of delay is low.**

Plaintiff claims a legitimate interest in the expeditious resolution of its claim against Chapin, and that it should not be forced to sit indefinitely idle. Memorandum in Opposition, p. 6.

But Plaintiff is already sitting indefinitely idle while the other co-defendant Benja is in bankruptcy. If Plaintiff is to receive a material recovery in this case, it is much more likely to come from Benja (or Benja's Chapter 11 Trustee) instead of Chapin, so continuing this case only against Chapin when he is facing serious criminal charges smacks of nothing more than Plaintiff's animus and interest in harassing Chapin. This factor does not weight in favor of denying the stay.

### B.  The burden on Chapin without a stay would be substantial.

Plaintiff has a basic misunderstanding about the alleged guaranty—the idea that it is just a benign document "completely separate from the elaborate Ponzi scheme [Chapin] implemented, which precipitated the criminal cases" ignores the allegations on the face of the Criminal Complaint.  Memorandum in Opposition, p. 6. The guaranty is precisely within the scope of matters ripe for Fifth Amendment protection—the government is alleging bank fraud based on materially false documents and information provided by Chapin to Plaintiff, and because the guaranty is alleged to be one of those documents, it is inseparable from the criminal case.

This is the central factor to be weighed, and the one that outweighs all the others, especially since Chapin has already been indicted for the related conduct. *See S.E.C. v. Gerhardt*, No. 4:07-CV-00270 JCH, 2007 WL 1452236, at *2 (E.D. Mo. May 15, 2007) (granting stay pending conclusion of trial in criminal case).

### C.  The Court's interests weighs in favor of justice and a stay.

Plaintiff espouses a view of the Court with blinders on, seeking to move cases off its docket with machine-like efficiency and no interest in the larger context. *See* Memorandum in Opposition, p. 6. This Court, of course, must weigh heavy concepts related to justice and liberty for Chapin, the interest of having active participants and an adjudication of this case on the merits. And even if—all other things being equal—the Court is generally interested in moving the case forward, this

case is not leaving the docket until the Benja Chapter 11 is resolved. The timetable for that happening is anyone's guess. And if the Court is not inclined to have an open-ended stay, the matter could be revisited at regular intervals that are convenient to the Court's calendar. At least while the Benja Chapter 11 continues, that would provide a level of docket management that would keep the Court abreast of the various other cases and in control of this case. This factor, therefore, weighs in favor of a stay.

### D. Public interest favors deference to the criminal case.

Plaintiff seems to agree with Chapin that there are no non-parties that have any legitimate, particularized interest in the outcome of this litigation. Memorandum in Opposition, pp. 6 - 7. Courts have recognized that the public, however, has an interest in ensuring the criminal process is not subverted, even recognizing that the public's interest in the integrity of a criminal case may be entitled to precedence over the civil litigant. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc.*, No. 15-CV-2527 (SRN/HB), 2016 WL 9307608, at *6 (D. Minn. Apr. 26, 2016) (ordering stay of depositions for limited time period based on overlap between civil and criminal proceedings); *Gerhardt* at *2. This factor, therefore, weighs in favor of a stay.

Balancing the nature and substantiality of the various rights and the opportunities for injustices, a stay of this case until disposition of the criminal case is warranted, especially when considering the overlap between the cases and the impossibility of selectively invoking the Fifth Amendment privilege for the guaranty.

WHEREFORE, for the reasons stated herein and in the Motion to Stay Proceedings, Defendant Andrew J. Chapin respectfully requests this Court's orders (1) staying this case until

final disposition of the criminal case, (2) continuing the December 8th answer deadline until after

this motion is ruled on, and (3) for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 18, 2020                                 MASON LAW FIRM LLC


By:   */s/ Ryan J. Mason*
_____
Ryan J. Mason #56167(MO)
13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 686-4044
*rmason@masonlawstl.com*

SLATER LAW GROUP, APC
Mark K. Slater
(*admitted pro hac vice*)
33 New Montgomery St., Suite 1210
San Francisco, California 94105
(415) 294-7700
*mslater@slaterlawgrp.com*

ATTORNEYS FOR DEFENDANT
ANDREW J. CHAPIN


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing
pleading was electronically filed using the CM/CEF system on December 18, 2020, and service
shall be made by the CM/ECF system on counsel of record, including the following:

| | |
|---|---|
| Michael A. Campbell | Jerry L. Switzer, Jr. |
| Nicholas A. Griebel | POLSINELLI PC |
| POLSINELLI PC | 150 North Riverside Plaza, Suite 3000 |
| 100 South Fourth Street, Suite 1000 | Chicago, Illinois 60606 |
| St. Louis, Missouri 63102 | *jswitzer@polsinelli.com* |
| *mcampbell@polsinelli.com* | ATTORNEYS FOR PLAINTIFF |
| *ngriebel@polsinelli.com* | BUSEY BANK |
| ATTORNEYS FOR PLAINTIFF | |
| BUSEY BANK | |

*/s/ Ryan J. Mason*
_____