# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BUSEY BANK, an Illinois Banking Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO: 4:20CV1473 HEA<br>)<br>) |
| BENJA INCORPORATED and ANDREW J. CHAPIN, | )<br>)<br>) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Andrew Chapin's motion to stay proceedings. Plaintiff opposes the motion and it is fully briefed and ready for adjudication. The Court will grant the motion to stay proceedings.

**Facts and Background**

On October 9, 2020, Plaintiff served Chapin with the Summons and Petition, both in his individual capacity and in his capacity as an officer of codefendant Benja Incorporated ("Benja"). The case was removed from state court to this Court on October 13, 2020. On October 15, 2020, Benja filed a Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of

California, so the instant case was stayed as to Benja as a result of the bankruptcy-imposed automatic stay.

On November 23, 2020, the United States filed a Criminal Complaint against Chapin in the United States District Court for the Northern District of California.

On November 23, 2020, the Securities and Exchange Commission filed a Complaint against Chapin and Benja in the United States District Court for the Northern District of California.

Defendant Chapin now moves for a stay of this matter as to him, arguing that this case is intrinsically interrelated with the criminal proceeding against him/

**Discussion**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. "Justice must be done in both criminal and civil litigation. The rights of a defendant in a criminal case must, of course, be protected. But this does not mandate a complete disregard for the rights of civil litigants." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973). Consequently, "A

2

stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted. However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Koester v. American Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (citation omitted). "Therefore, to warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Id.* (internal citation omitted).

"[A] stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy." *Liggins v. Cohen*, 4:16-CV-413 AGF, slip op. at 3 (E.D. Mo. Mar. 8, 2018) (quoted case omitted). The decision whether to stay civil litigation in deference to parallel criminal proceedings is discretionary and requires the Court to "assess and balance the nature and substantiality of the injustices claimed on either side." *General Dynamics*, 481 F.2d at 1214-15 (quoted case omitted). This Court and other district courts in the Eighth Circuit have generally considered the following factors adopted by the Ninth Circuit: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the

3

management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *White v. Feaman*, 2018 WL 5831261, at *2 (E.D. Mo. Nov. 7, 2018) (quoting Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995)).

Upon careful consideration of these factors, the Court concludes a stay of the civil proceedings is warranted as to defendant Chapin, as a majority of the factors weigh in favor of such a stay.

*Plaintiff's Interests and Potential Prejudice of Delay*

Plaintiff has a legitimate interest in the expeditious resolution of this case, which seeks to recover money lent based on alleged misrepresentations of the defendants. Immediately upon the filing of the suit, however, Defendant Benja Incorporated filed for bankruptcy protection, which required the Court to impose a stay as the Benja. Thus, if this action is to proceed without a stay, only proceedings as to Defendant Chapin can occur at this time. This would possibly require double the work for all involved, as the proceedings may be necessarily repeated as to Benja. While there will be a delay, there is necessarily a delay in the proceedings as to one defendant because of the filing of the bankruptcy. Quite possibly, by the time the criminal matter is resolved, the bankruptcy may also be

4

resolved, and the efforts of all parties will be limited rather than doubled. This factor weighs in favor of a stay.

*Burden on Defendant Chapin*

Chapin asserts he will suffer substantial, irreparable harm if the stay is not granted because if the matter is allowed to proceed, he would have to choose between asserting and preserving his constitutional right against self-incrimination and defending himself in this matter, which could potentially be used against him in the criminal case. Or if he chooses not to testify, the jury could draw a negative inference from his silence.

The criminal prosecution, SEC Complaint, and this civil case arise out of the same facts. This is borne out by a comparison of the facts alleged in the complaint, the SEC Complaint, and the allegations of the criminal complaint. *See, e.g., Stroud v. St. Louis City Police Dep't*, 2009 WL 3617457, at *1 (E.D. Mo. Oct. 28, 2009) (granting stay pending final resolution of criminal case where pending criminal case arose from the same incident at issue in civil Section 1983 case based on excessive force and cases involved same issues and potential witnesses). Further, Chapin has been indicted and a "stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *S.E.C. v. Gerhardt*, 2007 WL 1452236, at *2 (E.D. Mo. May 15, 2007) (internal quotations and citations omitted) (granting stay pending conclusion of trial in criminal case).

Under these circumstances, the Court finds that Defendant has made a "strong showing" the actions are "so interrelated" he cannot protect himself in the civil case by selectively invoking his Fifth Amendment privilege, and the trials would so overlap that effective defense of both is impossible. *See Koester*, 11 F.3d at 823. As a result, the Court finds a substantial burden rests on Defendant that weighs strongly in favor of a stay of the case.

*The Court's Interests in Case Management and Judicial Efficiency*

The Court has a strong interest in managing its docket and keeping litigation moving to a conclusion without unnecessary delay. That said, the Court concludes granting a stay as to defendant Olsten would not unduly interfere with the management of its docket. As previously noted, Co-defendant Beja has filed for bankruptcy protection and the matter is stayed as to it. Staying the case as to Defendant Chapin does not unduly burden the Court's docket since very little can be done during the pendency of the bankruptcy proceeding. Proceeding solely against Chapin would require the Court to devote its docket once again to this case when Beja is no longer proceeding in the Bankruptcy Court. A stay is not likely to delay a final disposition of this case because of the bankruptcy. This factor favors a stay.

*Interests of Non-Parties and the Public*

Defendant states he is not aware of any interest non-parties might have in the outcome of this litigation but asserts his interest in preserving his constitutional right against self-incrimination outweighs any public interest.

Courts have recognized the public interest in ensuring that the integrity of the criminal process is not subverted, some stating that such interest is entitled to precedence over the interests of a civil litigant. See, e.g., *State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc.*, 2016 WL 9307608, at *6 (D. Minn. Apr. 26, 2016); *Gerhardt,* 2007 WL 1452236, at *2. However, the public certainly has an interest in the prompt resolution of this civil matter. Overall, the Court finds the non-party and public interest factors are relatively neutral under the circumstances of this case and are best served by a stay of this case.

## Conclusion

Considering the relevant factors and balancing the nature and weight of the rights and inequities claimed by plaintiff and defendant, the Court concludes a complete stay of proceedings in this case until final disposition of the criminal case is warranted to permit Defendant to preserve his Fifth Amendment right against self-incrimination.

The Court will deny as moot Plaintiff's Motion for Emergency Motion for Expedited Hearing on Verified Expedited Motion for Appointment of General Receiver.

Defendant Chapin will be ordered to file a status report concerning the criminal case every forty-five days and within ten days after the entry of a plea or return of a verdict.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Chapin's Motion to Stay Proceedings, [Doc. No. 19], is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Motion for Expedited Hearing on Verified Expedited Motion for Appointment of General Receiver, [Doc. No. 7], is **DENIED** as moot

**IT IS FURTHER ORDERED** that defendant Chapin shall file a report with the Court regarding the status of the criminal case within 45 days from the date of this order and every 45 days thereafter, and within 10 days after the entry of a plea or return of a verdict.

Dated this 23rd day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE