**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **BUSEY BANK,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) Case No.: 4:20-cv-01473-HEA |
| **BENJA INCORPORATED,** | ) ) ) |
| and | ) ) |
| **ANDREW J. CHAPIN,** | ) ) ) |
| **Defendants.** | ) |

**JOINT MOTION FOR ENTRY OF
CONSENT ORDER AND FINAL CONSENT JUDGMENT**

Plaintiff Busey Bank (the "Bank") and Defendant Andrew J. Chapin ("Chapin") hereby move this Honorable Court for entry of the Consent Order and Final Consent Judgment attached hereto and incorporated herein as **Exhibit A**, and in support of this motion state as follows:

1. The Bank is an Illinois banking corporation, organized and existing under and by virtue of the laws of the State of Illinois and doing business in St. Louis County, Missouri.

2. Chapin is an individual residing in Southbury, Connecticut.

3. Defendant Benja Incorporated ("Benja") is a Delaware corporation. Benja filed a Voluntary Petition in Bankruptcy in the United States Bankruptcy Court for the Northern District of California on October 15, 2020. No action is taken with respect to Benja under this motion.

4. The Bank brought this action, *inter alia*, to enforce a certain Note, Business Loan Agreement and Security Documents, as defined below.

5. The Bank and Chapin (collectively, the "Parties") agree as follows:

   a. On July 16, 2019, Benja executed a Promissory Note in favor of the Bank in the principal amount of $1,000,000.00, as replaced and superseded by a Promissory Note

dated as of February 28, 2020, executed by Benja in favor of the Bank in the original principal amount of $3,000,000.00, as further replaced and superseded by a Promissory Note dated as of August 20, 2020, executed by Benja in favor of the Bank in the original principal amount of $5,000,000.00 (collectively, the "Note") evidencing a loan (the "Loan") in the same amounts. A true copy of the Note is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 1.

  b.  The Loan is also evidenced by a Business Loan Agreement (Asset Based) dated July 16, 2019, executed by Benja and the Bank, as amended by a Modification to Business Loan Agreement (Asset Based) dated as of February 28, 2020, executed by Benja in favor of Bank in the original principal amount of $3,000,000.00, as replaced and superseded by a Business Loan Agreement (Asset Based) dated as of August 20, 2020, executed by Benja in favor of Bank in the original principal amount of $5,000,000.00 (collectively, the "Loan Agreement"). A true copy of the Loan Agreement is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 2.

  c.  The Note is secured by a Commercial Security Agreement dated July 16, 2019 (the "Security Agreement") executed by Benja in favor of the Bank. Under the Security Agreement, and as security for the Loan, Benja granted to the Bank a security interest in the Collateral (as defined and as more particularly described therein), including, but not limited to, all of Benja's inventory, equipment, accounts, chattel paper, instruments, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles, and all proceeds, additions, substitutions, and replacements thereof (collectively, the "Collateral"). A true copy of the Security Agreement is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 3.

      d.      To perfect the security interest arising under the Security Agreement, the Bank caused a UCC Financing Statement to be filed on July 19, 2019, with the Delaware Department of State as File Number 20195005348 (the "UCC Filing" and, together with the Security Agreement, the "Security Documents"), with respect to all assets and property of Benja as described therein. A true copy of the UCC Filing is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 4.

      e.      The Note is also secured by a Commercial Guaranty executed by Chapin on July 16, 2019 (the "Chapin Guaranty"). A true copy of the Chapin Guaranty is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 5.

      f.      Benja is in default under the Note, Loan Agreement, and Security Documents, and the Bank is entitled to enforce the Chapin Guaranty.

      g.      In procuring the Loan from the Bank, Chapin procured money and credit for Benja by false pretenses, false representations, or actual fraud as contemplated by 11 U.S.C. §523(a)(2)(A).

      h.      In procuring the Loan from the Bank, Chapin procured money and credit by the use of a statement in writing (i) that was materially false; (ii) respecting Benja's financial condition; (iii) on which the Bank to whom Chapin is liable for such money and credit reasonably relied; and (iv) that Chapin caused to be made or published with intent to deceive, as contemplated by 11 U.S.C. §523(a)(2)(B).

      i.      The Bank is the holder of the security interests described in the Security Documents, and the Bank has a first priority security interest in the Collateral.

      j.      As of June 28, 2021, the total balance due under the Note, exclusive of applicable late charges and default interest, and costs, expenses and attorneys' fees incurred by the Bank, is as follows:

| | |
|---|---|
| Principal: | $4,999,999.50 |
| Regular Interest: | $ 181,405.61 |
| Late Charge: | $      842.34 |
| Attorneys' Fees and Expenses: | $   147,050.93 |
| **Total:** | **$5,329,298.38** |

        k.      Entry of the stipulated Consent Order and Final Consent Judgment attached hereto as **Exhibit A** is just and proper.

        6.      By Chapin's consent and admissions in paragraphs 5.g. and h., above, Chapin intends that the bankruptcy court in any future bankruptcy case that may be filed by Chapin will enter an order and judgment determining that Chapin's obligations to the Bank under the Chapin Guaranty are non-dischargeable.

        WHEREFORE, the Parties respectfully move this Court to enter the stipulated Consent Order and Final Consent Judgment attached hereto as **Exhibit A**, and for such other and further Orders as to the Court may seem just and proper in the premises.

        Respectfully submitted this 17th day of February, 2022.

**Motion Prepared By and Consented to By:**

POLSINELLI PC

By: /s/ Michael A. Campbell
MICHAEL A. CAMPBELL (#35392)
mcampbell@polsinelli.com
NICHOLAS A. GRIEBEL (#69104)
ngriebel@polsinelli.com
100 South Fourth Street, Suite 1000
St. Louis, Missouri 63102
(314) 889-8000

JERRY L. SWITZER, JR. (pro hac vice)
jswitzer@polsinelli.com
150 North Riverside Plaza, Suite 3000
Chicago, Illinois 60606
(312) 873-3626

*ATTORNEYS FOR PLAINTIFF*
*BUSEY BANK*

**Motion Consented to By:**

MASON LAW FIRM LLC

By: /s/ Ryan J. Mason
Ryan J. Mason #56167(MO)
13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 686-4044
rmason@masonlawstl.com

SLATER LAW GROUP,
APC Mark K. Slater
(admitted pro hac vice)
33 New Montgomery St., Suite 1210
San Francisco, California 94105
(415) 294-7700
mslater@slaterlawgrp.com

*ATTORNEYS FOR DEFENDANT*
*ANDREW J. CHAPIN*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States District Court for the Eastern District of Missouri this 17th day of February, 2022 to all parties requesting service.

                                    /s/ Michael A. Campbell

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BUSEY BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 4:20-cv-01473-HEA |
| BENJA INCORPORATED, | ) |
| | ) |
| and | ) |
| | ) |
| ANDREW J. CHAPIN, | ) |
| | ) |
| Defendants. | ) |

## CONSENT ORDER AND FINAL CONSENT JUDGMENT

The Court, by consent of Plaintiff Busey Bank and Defendant Andrew J. Chapin, and after finding good cause shown, enters this Consent Order and Final Consent Judgment at the request of the Parties to this action:

1. Plaintiff Busey Bank (the "Bank") is an Illinois banking corporation, organized and existing under and by virtue of the laws of the State of Illinois and doing business in St. Louis County, Missouri.

2. Defendant Benja Incorporated ("Benja") is a Delaware corporation. Benja filed a Voluntary Petition in Bankruptcy in the United States Bankruptcy Court for the Northern District of California on October 15, 2020. No action is taken with respect to Benja under this Consent Judgment.

3. Defendant Andrew J. Chapin ("Chapin") is an individual residing in Southbury, Connecticut.

4. The Bank and Chapin (collectively, the "Parties") have consented to this Order and Judgment.

78665245.10

5. The Bank brought this action, *inter alia*, to enforce a certain Note, Business Loan Agreement, and Security Documents, as defined below.

6. The Parties agree, and the Court hereby FINDS, as follows:

a. On July 16, 2019, Benja executed a Promissory Note in favor of the Bank in the principal amount of $1,000,000.00, as replaced and superseded by a Promissory Note dated as of February 28, 2020, executed by Benja in favor of the Bank in the original principal amount of $3,000,000.00, as further replaced and superseded by a Promissory Note dated as of August 20, 2020, executed by Benja in favor of the Bank in the original principal amount of $5,000,000.00 (collectively, the "Note") evidencing a loan (the "Loan") in the same amounts. A true copy of the Note is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 1.

b. The Loan is also evidenced by a Business Loan Agreement (Asset Based) dated July 16, 2019, executed by Benja and the Bank, as amended by a Modification to Business Loan Agreement (Asset Based) dated as of February 28, 2020, executed by Benja in favor of Bank in the original principal amount of $3,000,000.00, as replaced and superseded by a Business Loan Agreement (Asset Based) dated as of August 20, 2020, executed by Benja in favor of Bank in the original principal amount of $5,000,000.00 (collectively, the "Loan Agreement"). A true copy of the Loan Agreement is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 2.

c. The Note is secured by a Commercial Security Agreement dated July 16, 2019 (the "Security Agreement") executed by Benja in favor of the Bank. Under the Security Agreement, and as security for the Loan, Benja granted to the Bank a security interest in the Collateral (as defined and as more particularly described therein), including,

but not limited to, all of Benja's inventory, equipment, accounts, chattel paper, instruments, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles, and all proceeds, additions, substitutions, and replacements thereof (collectively, the "Collateral"). A true copy of the Security Agreement is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 3.

  d. To perfect the security interest arising under the Security Agreement, the Bank caused a UCC Financing Statement to be filed on July 19, 2019, with the Delaware Department of State as File Number 20195005348 (the "UCC Filing" and, together with the Security Agreement, the "Security Documents"), with respect to all assets and property of Benja as described therein. A true copy of the UCC Filing is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 4.

  e. The Note is also secured by a Commercial Guaranty executed by Chapin on July 16, 2019 (the "Chapin Guaranty"). A true copy of the Chapin Guaranty is attached to the Bank's Petition in this case and incorporated therein by reference as Exhibit 5.

  f. Benja is in default under the Note, Loan Agreement, and Security Documents, and the Bank is entitled to enforce the Chapin Guaranty.

  g. In procuring the Loan from the Bank, Chapin procured money and credit for Benja by false pretenses, false representations, or actual fraud as contemplated by 11 U.S.C. §523(a)(2)(A).

  h. In procuring the Loan from the Bank, Chapin procured money and credit by the use of a statement in writing (i) that was materially false; (ii) respecting Benja's financial condition; (iii) on which the Bank to whom Chapin is liable for such money and credit

3

reasonably relied; and (iv) that Chapin caused to be made or published with intent to deceive, as contemplated by 11 U.S.C. §523(a)(2)(B).

 i. The Bank is the holder of the security interests described in the Security Documents, and the Bank has a first priority security interest in the Collateral.

 j. As of June 28, 2021, the total balance due under the Note, exclusive of applicable late charges and default interest, and costs, expenses, and attorneys' fees incurred by the Bank, is as follows:

| | |
|---|---:|
| Principal: | $4,999,999.50 |
| Regular Interest: | $ 181,405.61 |
| Late Charge: | $ 842.34 |
| Attorneys' Fees and Expenses: | $ 147,050.93 |
| **Total:** | **$5,329,298.38** |

7. By Chapin's consent and admissions in paragraphs 6.g. and h., above, Chapin intends that the bankruptcy court in any future bankruptcy case that may be filed by Chapin will enter an order and judgment determining that Chapin's obligations to the Bank under the Chapin Guaranty are non-dischargeable.

NOW THEREFORE, the Court hereby enters the following Orders and Judgment:

A. Judgment is hereby entered in favor of Plaintiff Busey Bank and against Defendant Andrew J. Chapin in the total amount of $5,329,298.38. Interest shall accrue at the statutory rate, which is 0.98% the week of February 14, 2022.

B. The Parties are to bear their own court costs.

**SO ORDERED** this the ____ day of _____, 2022.

            _____
            HONORABLE HENRY EDWARD AUTREY

**Order Prepared By and Consented to By:**

POLSINELLI PC

By: /s/ Michael A. Campbell
MICHAEL A. CAMPBELL (#35392)
mcampbell@polsinelli.com
NICHOLAS A. GRIEBEL (#69104)
ngriebel@polsinelli.com
100 South Fourth Street, Suite 1000
St. Louis, Missouri 63102
(314) 889-8000

JERRY L. SWITZER, JR. (pro hac vice)
jswitzer@polsinelli.com
150 North Riverside Plaza, Suite 3000
Chicago, Illinois 60606
(312) 873-3626

*ATTORNEYS FOR PLAINTIFF*
*BUSEY BANK*


**Consented to By:**

MASON LAW FIRM LLC

By:  /s/ Ryan J. Mason
Ryan J. Mason #56167(MO)
13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 686-4044
rmason@masonlawstl.com

SLATER LAW GROUP,
APC Mark K. Slater
(admitted pro hac vice)
33 New Montgomery St., Suite 1210
San Francisco, California 94105
(415) 294-7700
mslater@slaterlawgrp.com

*ATTORNEYS FOR DEFENDANT*
*ANDREW J. CHAPIN*

5

78665245.10